IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH V. SHULTS, COLLEEN M. SHULTS, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, <br><br> Plaintiffs, <br><br> v. <br><br> GEORGE H. SHELDON, in his official capacity as Director of the Illinois Department of Children and Family Services, <br><br> Defendant. | Case No. |

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiffs, KENNETH V. SHULTS, COLLEEN M. SHULTS, SECOND AMENDMENT FOUNDATION, INC. ("SAF"), and ILLINOIS STATE RIFLE ASSOCIATION ("ISRA"), by and through undersigned counsel, as and for their Complaint against Defendant GEORGE H. SHELDON, in his official capacity as Director of the Illinois Department of Children and Family Services (hereinafter "IDCFS"), allege as follows:

INTRODUCTION

1. This is an action pursuant to 42 U.S.C. § 1983 for deprivation of civil rights under color of law, which seeks equitable, declaratory, and injunctive relief challenging the State of Illinois's prohibition on otherwise qualified Illinois residents who are or wish to be foster parents.

2. The Second Amendment "guarantee[s] the individual right to possess and carry weapons in case of confrontation," *District of Columbia v. Heller*, 554 U.S.

570, 128 S.Ct. 2783, 2797 (2008), and is "fully applicable against the States," *McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

3. However, the policy of the IDCFS substantially prohibits foster parents, and those who would be foster parents, from the possession of firearms for the purpose of self-defense, which violates Plaintiffs' constitutional rights under the Second Amendment.

4. Plaintiffs seek to establish that the recognition and incorporation of the Second Amendment, and the Fourteenth Amendment's equal protection clause, renders the State's restrictions on the possession and carrying of firearms by foster parents, and would-be foster parents, unconstitutional. As the Plaintiffs only seek to be treated the same as other law-abiding Illinois residents, the Second and Fourteenth Amendments render a ban such as that challenged in this action, impermissible.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1343, 2201, 2202 and 42 U.S.C. § 1983, in that this action seeks to redress the deprivation, under color of the laws, statute, ordinances, regulations, customs, and usages of the Defendant as he executes, administers and enforces the complained-of laws, of the rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.

6. This Court has personal jurisdiction over the Defendant because, *inter alia*, he acted under the color of laws, policies, customs, and/or practices of the State of Illinois and/or within the geographic confines of the State of Illinois.

7.    Venue is proper pursuant to 28 U.S.C. § 1391 because the Defendant executes, administers, and enforces the complained-of laws against Plaintiffs in this District, and because the events and omissions giving rise to this action are harming Plaintiffs in this District, and the State laws were enacted in the State capital in this District.

## PLAINTIFFS

8.    Plaintiff Kenneth Shults is 37 years old, and resides with his family in Fairmount, Illinois.  He is married to co-Plaintiff Colleen.  Kenneth is a Project Manager for a computer-numeric control (CNC) machine shop in central Illinois, which manufactures and repairs custom machine parts.  He has been in this industry for almost twenty years.  Kenneth and his wife have been foster parents to two children in the State of Illinois since 2007, providing a stable environment to children without one, and plan to continue to do so in the future.  They currently have one foster child, whom they are in the process of adopting, plus they have three natural children in their home.

9.    For the last two years, Kenneth has been an instructor at a youth firearms safety camp in Bloomington, Illinois, focusing on safely handling and using weapons for all manner of shooting sports.

10.   Plaintiff Colleen Shults resides with her family in Fairmount, Illinois. She is married to co-Plaintiff Kenneth.  She works as a LPN nurse at Danville Correctional Center, part of the Illinois Department of Corrections.  Colleen and her husband have been foster parents to two children in the State of Illinois since 2007, providing a stable environment to children without one, and plan to continue to do

so in the future. They currently have one foster child, whom they are in the process of adopting, plus they have three natural children in their home.

11. In March, 2016, Colleen received a letter from the Illinois Department of Corrections – Central Intelligence Unit that prisoners in the IDOC system were using people-locator websites on the Internet to learn the home addresses of IDOC staff, including correctional officers and nurses. The letter warned Colleen and those like her to be careful and diligent for their safety.

12. The Shultses are allowed to possess firearms in Illinois generally, but are prohibited by the IDCFS policy complained-of herein from possessing loaded functional firearms in their homes so long as they currently are foster parents, or plan to be foster parents in the future.

13. The Shultses would possess loaded and functional firearms for self-defense and defense of family, but refrain from doing so because they fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the IDCFS policy complained-of herein.

14. SAF is a non-profit membership organization incorporated under the laws of Washington with its principal place of business in Bellevue, Washington. SAF's membership includes foster parents residing in Illinois. SAF has over 650,000 members and supporters nationwide. The purposes of SAF include education, research, publishing and legal action focusing on the Constitutional right

privately to own and possess firearms.  SAF brings this action on behalf of itself and its members.

15. Members of SAF who are foster parents in Illinois would possess and carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the IDCFS policy complained-of herein.

16. ISRA is a non-profit membership organization incorporated under the laws of Illinois with its principal place of business in Chatsworth, Illinois.  ISRA has over 17,000 members and supporters in Illinois, and many members outside the State of Illinois.  The purposes of ISRA include securing the Constitutional right to privately own and possess firearms within Illinois, through education, outreach, and litigation.  ISRA brings this action on behalf of itself and its members.

17. Members of ISRA who are foster parents in Illinois would possess and carry loaded and functional concealed handguns in public for self-defense, but refrain from doing so because they fear their foster children being taken away from them by the State, and/or being prohibited from being foster parents in the future, all due to the IDCFS policy complained-of herein.

18. Kenneth and Colleen Shults are members of SAF and ISRA.

## DEFENDANT

19. Defendant Sheldon is the Director of the Illinois Department of Children and Family Services.  In Sheldon's official capacity, he is responsible for enforcing certain of Illinois's laws, customs, practices, and policies, specifically those

challenged herein. In that capacity, Sheldon is presently enforcing the laws, customs, practices and policies complained of in this action. Specifically, Sheldon is the authority charged with processing and administering the foster parenting system in Illinois. He is sued in his official capacity.

## CONSTITUTIONAL PROVISIONS

20. The Second Amendment provides:

> A well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed.

U.S. Const. amend. II.

21. The Second Amendment "is fully applicable against the States."

*McDonald v. City of Chicago*, 561 U.S. 3025, 130 S. Ct. 3020, 3026 (2010).

22. Section 1 of the Fourteenth Amendment provides, in relevant part:

> **No state shall** make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor **deny to any person within its jurisdiction the equal protection of the laws**.

U.S. Const. amend. XIV (emphasis added).

## STATE LAW

23. Since as early as August 1, 2009, the IDCFS has had in effect Rule 402.8(g) (previously 402.8(i)) of the Licensing Standards for Foster Family Homes, which states:

> Any and all firearms and ammunition shall be locked up at all times and kept in places inaccessible to children. No firearms possessed in violation of a State or Federal law or a local government ordinance shall be present in the home at any time. Loaded guns shall not be

kept in a foster home unless required by law enforcement officers and in accordance with their law enforcement agency's safety procedures.

24. Further, all foster parents are required to complete Form CFS 402-A, entitled "Acknowledgment of Compliance/Part 402 Licensing Standards for Foster Family Homes. Contained in CFS 402-A is "Section III. Firearms" is a recitation of Rule 402.8(g), and the requirement that the prospective foster parent make the following certification:

> I certify that there are no firearms on the premises, but will immediately notify the Licensing Representative and complete form CFS 452-2, Foster Family Firearms Arrangement, if I, or any member of the foster family home, acquires a firearm.

25. Form CFS 452-2 is entitled *Foster Family Firearms Agreement* ("FFFA") (attached hereto). The FFFA requires the prospective foster parents to provide the IDCFS with a list of all firearms in the home including their location, a list of all ammunition in the home including its location that must be in locked storage separate from any firearms, and to notify IDCFS in writing if there are any changes to the provided information.

26. The Shultses were required to sign and abide to the content of the Acknowledgment of Compliance and the FFFA to continue as a foster home.

27. On May 1, 2015, Defendant sent "Policy Guide 2015.08 – Enhanced Firearm Safety in Foster Family Homes" to the Shultses, which requires trigger locks on any firearms in the home, even if the firearm is locked in a gun safe separate from ammunition, with the key off the premises or only in the owner's possession.

28.     In addition, the Shultses were recently told by IDCFS employees that they would be required to present all firearms in their home to IDCFS employees for inspection, to ensure they had trigger locks.  The Shultses are fearful of losing their foster daughter if they complain or do not comply with the policies listed in the paragraphs above.

### COUNT I – VIOLATION OF RIGHT TO KEEP AND BEAR FIREARMS
### (U.S. CONST. AMENDS. II AND XIV; 42 U.S.C. § 1983)

29.     Paragraphs 1 through 28 are realleged and incorporated herein by reference.

30.     The IDCFS policy, and all other Illinois statutory language, which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, violate the Plaintiffs' individual right to possess and carry firearms for self-defense and defense of family as secured by the Second Amendment to the United States Constitution.

### COUNT II – VIOLATION OF EQUAL PROTECTION
### (U.S. CONST. AMEND. XIV; 42 U.S.C. §§ 1981(a), 1983)

31.     Paragraphs 1 through 28 are realleged and incorporated herein by reference.

32.     The IDCFS policy and all other Illinois statutory language, which restricts foster parents, and would-be foster parents, the rights and privileges of possessing and carrying firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, are unconstitutional

denials of equal protection of the laws and are in violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

## FOR ALL COUNTS

33. Paragraphs 1 through 32 are realleged and incorporated herein by reference.

34. A controversy exists as to whether the IDCFS policy which restricts foster parents, and would-be foster parents, the rights and privileges of possessing firearms for self-defense and defense of family based solely on their status as foster parents, is unconstitutional.

35. A declaration from this Court would settle this issue.

36. A declaration would also serve a useful purpose in clarifying the legal issues in dispute.

37. The Plaintiffs seek a declaration that the IDCFS policy which restricts foster parents, and would-be foster parents, the rights and privileges of possessing firearms for self-defense and defense of family based solely on their status as foster parents, on their face and as applied, is unconstitutional.

38. In the absence of an injunction, the unlawful IDCFS policy complained-of herein would continue to be enforced and would prevent Shults, and SAF's members who are foster parents, or would-be foster parents residing in Illinois, from owning or possessing a firearm that any otherwise-qualified Illinois residents may own and possess for defense of self or family.

39.    The Plaintiffs would continue to suffer irreparable injury if the Court does not issue an injunction.

40.    There is no adequate remedy at law because only a declaration and injunction, as opposed to monetary damages, would allow Shults, and SAF's members who are foster parents, or would-be foster parents residing in Illinois, the opportunity to possess a firearm for self-defense.

WHEREFORE, Plaintiffs pray that this Honorable Court:

1.    Issue preliminary and permanent injunctions (a) enjoining Defendant GEORGE H. SHELDON, as Director of the Illinois Department of Human Services, from continuing and enforcing the IDCFS policy of prohibiting firearms possession and carrying to foster parents, and those who would be foster parents in Illinois, including against the Plaintiffs and/or their members; and

2.    Enter the following:

(a)    A declaratory judgment that the IDCFS policy of prohibiting firearms possession and carrying to foster parents, and those who would be foster parents in Illinois, and all other Illinois statutory language which restricts firearms rights and privileges based on status as a foster parent, are null and void because they (i) infringe on the right of the people to keep and bear arms in violation of the Second and Fourteenth Amendments to the United States Constitution; (ii) violate the equal protection of the laws guaranteed by the Fourteenth Amendment to the United State Constitution; and (iii) infringe on the

right of the people to keep and bear arms in violation of Section II-26 of the Illinois Constitution.

(b)     Issue preliminary and permanent injunctions against the Defendant and his political subdivisions, including officers, agents, and employees thereof, from enforcement of the IDCFS policy of prohibiting firearms possession to foster parents, and those who would be foster parents in Illinois, and all other Illinois statutory language which restricts firearms rights and privileges based on status as a foster parent.

3.   Award Plaintiffs attorney's fees and costs pursuant to 42 U.S.C. § 1988.

4.   Grant such other and further relief, in law and equity, as the Court deems just and proper.

Dated:  July 12, 2016                    Respectfully submitted,

By:   /s/ David G. Sigale
       Attorney for Plaintiffs

David G. Sigale, Esq. (Atty. ID# 6238103)
LAW FIRM OF DAVID G. SIGALE, P.C.
799 Roosevelt Road, Suite 207
Glen Ellyn, IL 60137
Tel:  630.452.4547
Fax:  630.596.4445
dsigale@sigalelaw.com

*Attorneys for Plaintiffs*