IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KENNETH V. SHULTS, COLLEEN M. SHULTS, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, | )<br>)<br>)<br>) |
| Plaintiffs, | ) No. 16-cv-2214 |
| | ) Hon. Colin S. Bruce |
| v. | ) Judge Presiding |
| | ) |
| GEORGE H. SHELDON, DIRECTOR, in his official capacity as Director of the Illinois Department of Children and Family Services, | ) Hon. Eric I. Long<br>) Magistrate Judge<br>)<br>) |
| Defendant. | ) |

## MOTION TO DISMISS

NOW COMES the Defendant, George H. Sheldon, Director, Illinois Department of Children and Family Services ("DCFS" or "Department"), by his attorney, Lisa Madigan, Attorney General of the State of Illinois, and moves to dismiss Plaintiffs' complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In support of this motion, and in accordance with CDIL-LR 7.1, Defendant has filed a memorandum of law which is incorporated herein by reference and states as follows:

1.  Plaintiffs, foster parents Kenneth V. Shults and Colleen M. Shults, Second Amendment Foundation, Inc., and Illinois State Rifle Association, bring this action pursuant to 42 U.S.C. § 1983, alleging that Director Sheldon violated their civil rights by maintaining licensing regulations for the safe storage of guns and ammunition in foster homes. Plaintiffs seek declaratory and injunctive relief against Director Sheldon.

2.  The Shultses have been licensed foster parents through DCFS since 2007. Complaint, hereinafter "Compl." ¶¶ 8, 10.¶ 8.  The complaint alleges that the Shultses are allowed to possess firearms in Illinois, but "are prohibited by the IDCFS policy complained of

herein from possessing loaded functional firearms in their homes so long as they currently are foster parents, or plan to be foster parents in the future." Compl. ¶ 12.  The Shultses are members of the Second Amendment Foundation and the Illinois State Rifle Association.  The stated purpose of both organizations is to protect the constitutional right to privately own and possess firearms within Illinois.  Compl. ¶¶ 14, 16.

3. Plaintiffs allege that DCFS policy violates their individual rights to possess and carry firearms as secured by the Second Amendment to the United States Constitution. Compl. ¶ 30.  Plaintiffs are wrong.  The Department's policies and rules require the safe storage of firearms and ammunition in foster homes.  No court has held that foster parents' right to firearms is guaranteed by the Second Amendment.

4. Plaintiffs contend that they have a constitutional right to be foster parents. Compl. ¶ 3.  Again, Plaintiffs are wrong.  The relationship between these foster parents and foster child is a creature of Illinois child welfare statutes.  The Shultses chose to become foster parents, voluntarily applied for and were granted a license to have their home registered as a foster home and, in doing so, agreed to be subject to Department rules, regulations and policies in order to protect foster children placed in their care.  Given this framework, the lawful regulatory measures taken by the Department to regulate a licensed foster home are not within the scope of the Second Amendment, and there is no need to subject them to further Second Amendment review.  *Ezell v. City of Chicago*, 651 F.3d 684, 702-03 (7th Cir 2011).

5. Even if the regulation and policies that Plaintiffs complain about impinge on their core Second Amendment rights, the regulations and policies for safe storage of guns and ammunition in foster homes satisfy the standard articulated in *Ezell*.  There is no outright ban on firearms in foster homes.  The rules and policies requiring safe storage of firearms and

ammunition in licensed foster homes fit the public interest that is served in regulating foster homes.  This is not a significant burden on their Second Amendment rights and, therefore, the complaint should be dismissed.

6. Plaintiffs' equal protection challenge fails because there is a rational basis for the licensing requirements for safe storage of guns and ammunition in foster homes.  The Shultses do not comprise a suspect class.  There is no question that there is a rational basis for the licensing requirements for safe storage of guns and ammunition in foster homes.  This Court should dismiss Plaintiffs' equal protection claim.

WHEREFORE, for the foregoing reasons and for the reasons stated in Defendant's memorandum of law in support of his motion to dismiss, Defendant George H. Sheldon, Director of the Department, requests that this Honorable Court grant his motion to dismiss Plaintiffs' complaint for declaratory and injunctive relief pursuant to Federal Rule of Civil Procedure 12(b)(6).

.                                               Respectfully submitted,

                                                   LISA MADIGAN
                                                   Illinois Attorney General

By:  /s/Barbara L. Greenspan
      Barbara L. Greenspan
      James C. Stevens
      Michelle G. Camp
      Assistant Attorneys General
      100 W. Randolph St., 11-200
      Chicago, IL 60601
      (312) 814-7087
      Fax # (312) 814-6885
      barbara.greenspan@illinois.gov

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| KENNETH V. SHULTS, COLLEEN M. SHULTS, SECOND AMENDMENT FOUNDATION, INC., and ILLINOIS STATE RIFLE ASSOCIATION, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 16-cv-2214 Hon. Colin S. Bruce |
| v. | ) ) | Judge Presiding |
| GEORGE H. SHELDON, DIRECTOR, in his official capacity as Director of the Illinois Department of Children and Family Services, | ) ) ) ) | Hon. Eric I. Long Magistrate Judge |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the 16th day of November, 2016, I will electronically file the foregoing with the Clerk of the United States District Court for the Central District of Illinois using the CM/ECF system, which will then send a notification of such filing to the following:

David G. Sigale
Law Firm of David G. Sigale, P.C.
799 Roosevelt Road
Suite 207
Glen Ellyn, IL 60137
dsigale@sigalelaw.com


                              s/Barbara L. Greenspan
                              Barbara L. Greenspan
                              Assistant Attorney General
                              100 W. Randolph St., 11-200
                              Chicago, Illinois  60601
                              (312) 814-7087
                              Barbara.greenspan@illinois.gov